# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEPHEN MESSNER,**

    Plaintiff,

    -vs-                                        Case No. 14-CV-1272

**PATRICK MURPHY, M.D., et al.,**

    Defendants.

## DECISION AND ORDER

Stephen Messner, a Wisconsin state prisoner who is represented by counsel, filed a civil rights action under 42 U.S.C. § 1983, for which he has paid the full filing fee. This matter is before the Court for screening of the plaintiff's complaint (ECF No. 1) and the defendant's motion that the Court do so (ECF No. 4). Given that federal law requires the Court to screen the plaintiff's complaint (28 U.S.C. § 1915A(a)), the Court will deny the defendants' motion as moot.

The Court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim

showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded

- 2 -

factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

### The Plaintiff's Allegations

The plaintiff is currently incarcerated at the Oshkosh Correctional Institution (OSCI). He is suing Patrick Murphy, M.D., a doctor at OSCI, and Corina Daul, a registered nurse at OSCI. The plaintiff seeks monetary damages in the amount of $100,000, plus costs and attorneys' fees.

The plaintiff alleges he arrived at OSCI in October 2010. At that time, the plaintiff's medical file, which contained medical reports from the plaintiff's community doctors, was forwarded to OSCI. The plaintiff states that the reports indicated that the plaintiff suffered from colitis with incidents of bloody diarrhea.

In October 2012, plaintiff submitted a request to be seen by a doctor for severe pain in his stomach, side, and back. Defendant Murphy briefly examined the plaintiff and determined the plaintiff's pain was muscle related. Defendant Murphy instructed the plaintiff to seek another appointment with him if the pain persisted or worsened.

Later that month, the plaintiff submitted another request to be seen by Defendant Murphy because the pain had increased. Defendant Daul scheduled an appointment but repeatedly "bumped" the plaintiff's appointment, despite his repeated requests to see the doctor. The plaintiff did not see the doctor until six months later in April 2013. The plaintiff alleges he endured pain and suffering during this six months.

In May 2013, the plaintiff had a colonoscopy that revealed the plaintiff had chronic active colitis. Plaintiff alleges that, despite Defendant Murphy's agreement with the results, Defendant Murphy offered no treatment or pain relief. The plaintiff alleges he continued to request relief, but he was not seen by a doctor or nurse and received no treatment for his pain until September 2013, when he was prescribed medication by a physician's assistant at the University of Wisconsin Hospital.

Discussion

To state a claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 [7th Cir. 2005]). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe*, 631 F.3d at 857 (quoting *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)).

The Supreme Court has held that to prove a defendant acted with "deliberate indifference," a plaintiff must prove more than just negligence, but does not have to prove that the defendant acted with the purpose of harming the plaintiff or with knowledge that harm would result; it is the equivalent of acting recklessly. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994) (citations omitted).

Based on this standard, the plaintiff has adequately plead facts to state a claim that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they repeatedly delayed treatment for the pain he suffered in connection with his medical condition.

The plaintiff's complaint claims that the defendants were merely negligent, which the Court notes above is insufficient to state a claim under the Eight Amendment; however, "a complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003) (citations omitted).

The plaintiff's complaint notifies defendants of the basis of his claim, and those allegations are sufficient to state a claim for deliberate indifference, regardless of how the plaintiff characterizes them. It would be pointless to require the plaintiff to amend his complaint merely to replace the word "negligent" with "deliberately indifferent." Complaints in a system of notice pleading initiate the litigation, but then fall into the background with later documents and filings refining the claims and "supply[ing] the legal arguments that bridge the gap between facts and

judgments." *Bartholet*, 953 F.2d at 1078. Accordingly, the plaintiff may proceed with his complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED THAT** defendants' motion that the Court screen the plaintiff's complaint (ECF No. 4) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2015.

BY THE COURT:

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**